PROB 12C
(6/16)

Report Date: June 11, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Kimberly Rain Dalton     Case Number: 0980 2:18CR00133-WFN-2

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: February 21, 2019

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344, 1349 | |
| Original Sentence: | Prison - 12 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | James Goeke | Date Supervision Commenced: September 13, 2019 |
| Defense Attorney: | Roger James Peven | Date Supervision Expires: September 12, 2024 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number   Nature of Noncompliance

1   **Special Condition #10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** Kimberly Dalton violated the terms of her supervised release by failing to appear for random urinalysis testing on May 6, 27, June 5, and 10, 2020.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

In February 2020, Ms. Dalton was accepted into the Sobriety Treatment and Education Program (STEP). She attended her first STEP session on March 5, 2020. At that time, she was placed on the color RED for urinalysis testing and reminded of the expectation to call the testing line daily.

Ms. Dalton previously missed random urinalysis testing and was verbally reprimanded for the behavior.

Since that time, Ms. Dalton has failed to appear for random drug testing at Pioneer Counseling Services (PCS) on May 6, 17, June 5, and 10, 2020.

Currently, Ms. Dalton is not responding to efforts by the U.S. Probation Office to make contact. It appears she has absconded.

2      **Special Condition #8:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence:** Kimberly Dalton violated the terms of her supervised release by failing to attend substance abuse treatment groups on May 14, 19, 21, 26, June 3, and 9, 2020.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

She completed a substance abuse evaluation at PCS in February 2020 and was recommended for intensive outpatient treatment.

That same month, Ms. Dalton was accepted into STEP. She attended her first STEP session on March 5, 2020, and was advised of her expectation to attend treatment as scheduled.

Ms. Dalton previously missed a number of treatment groups and was verbally reprimanded for the behavior.

Since that time, Ms. Dalton missed treatment groups on May 14, 19, 21, 26, June 3, and 9, 2020. In some of these instances, it appears that she logged into the group but did not make herself available when called upon to participate or disconnected without returning.

3      **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about you living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence:** Kimberly Dalton violated the terms of her supervised release by changing her residence without prior approval on or about June 6, 2020.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

Prob12C
**Re: Dalton, Kimberly Rain**
**June 11, 2020**
**Page 3**

On June 9, 2020, the undersigned officer was contact by Ms. Dalton's community corrections officer with the Washington State Department of Corrections. It was reported that Ms. Dalton had not been at her residence since June 6, 2020, and that Ms. Dalton's mother was caring for her child.

The undersigned officer has made efforts to contact Ms. Dalton by phone, left her voice messages, as well as, a text message. She has not responded. Contact was made with Ms. Dalton's mother who advised Ms. Dalton left in the middle of the night on June 6, 2020, and has not returned.

Ms. Dalton's whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 11, 2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

  6/12/2020
Date