PROB 12C
(6/16)

Report Date: October 7, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Kimberly Rain Dalton | Case Number: 0980 2:18CR00133-RMP--2 |
| Address of Offender: | |
| Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge | |
| Date of Original Sentence: February 21, 2019 | |
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344, 1349 |
| Original Sentence: | Prison - 12 months; TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | George Jacobs | Date Supervision Commenced: September 13, 2019 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: September 12, 2024 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed. |
| | **Supporting Evidence**:  It is alleged that Kimberly Dalton violated the terms of her supervised release by failing to report to the probation officer as instructed, on or about September 30, 2021. |
| | On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions. |
| | On September 30, 2021, contact was made with Ms. Dalton by phone for the purposes of setting up a time to have her sweat patch removed.  Ms. Dalton had indicated she had been staying at her mother's residence due to COVID-19 quarantining (which turned out to be fabricated, see alleged violation number 3). |
| | However, Ms. Dalton agreed to meet with the undersigned at her mother's residence. |

On September 30, 2021, the undersigned arrived at Ms. Dalton's mother's residence at approximately 1:30 p.m. Upon removal of the sweat patch, it appeared tampered with and only a small portion of the actual patch was still present. Another sweat patch was applied and Ms. Dalton was advised that a urinalysis would be collected as well.

Ms. Dalton advised that she would not be able to provide a urine sample. Ms. Dalton was advised the undersigned would return at a later time and Ms. Dalton agreed to consume water and wait for the undersigned to return.

At approximately 3:30 p.m. on September 30, 2021, the undersigned returned to the residence and Ms. Dalton was not there. Ms. Dalton eventually responded to the undersigned's attempt to contact her and advised that she had gone to the grocery store. She agreed to return right away.

However, Ms. Dalton did not return. There were multiple contacts with her, and she continued to claim she was on her way back to the residence. The residence was only approximately 10 minutes away from the grocery store. Ms. Dalton's mother arrived and attempted to encourage Ms. Dalton to return to the residence as well. At approximately 5 p.m., Ms. Dalton had still not returned to the residence and the undersigned left.

2    **Special Condition #10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** It is alleged that Kimberly Dalton violated the terms of her supervised release by failing to appear for a urinalysis on or about September 30, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

On September 30, 2021, contact was made with Ms. Dalton by phone for the purposes of setting up a time to have her sweat patch removed. Ms. Dalton had indicated she had been staying at her mother's residence due to COVID-19 quarantining (which turned out to be fabricated, see alleged violation number 3).

However, Ms. Dalton agreed to meet with the undersigned at her mother's residence.

On September 30, 2021, the undersigned arrived at Ms. Dalton's mother's residence at approximately 1:30 p.m. Upon removal of the sweat patch, it appeared tampered with and only a small portion of the actual patch was still present. Another sweat patch was applied and Ms. Dalton was advised that a urinalysis would be collected as well.

Ms. Dalton advised that she would not be able to provide a urine sample. Ms. Dalton was advised the undersigned would return at a later time and Ms. Dalton agreed to consume water and wait for the undersigned to return.

Prob12C
**Re: Dalton, Kimberly Rain**
**October 7, 2021**
**Page 3**

At approximately 3:30 p.m. on September 30, 2021, the undersigned returned to the residence and Ms. Dalton was not there. Ms. Dalton eventually responded to the undersigned's attempt to contact her and advised that she had gone to the grocery store. She agreed to return right away.

However, Ms. Dalton did not return. There were multiple contacts with her, and she continued to claim she was on her way back to the residence. The residence was only approximately 10 minutes away from the grocery store. Ms. Dalton's mother arrived and attempted to encourage Ms. Dalton to return to the residence as well. At approximately 5 p.m., Ms. Dalton had still not returned to the residence and the undersigned left.

3  **Standard Condition # 4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: It is alleged that Kimberly Dalton violated the terms of her supervised release by being dishonest and providing the undersigned with a counterfeit document regarding COVID-19 testing, on or about September 24, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

On September 24, 2021, Ms. Dalton provided the undersigned with a letter that appeared to be from Multicare Indigo Urgent Care. This letter indicated that Ms. Dalton tested positive for COVID-19 and needed to home quarantine for 10 days, therefore being unable to report for drug testing while in quarantine.

The undersigned officer was suspicious of the appearance of the letter. Therefore, the letter was taken to the noted urgent care facility where it was confirmed to be a counterfeit document.

4  **Special Condition #10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** It is alleged that Kimberly Dalton violated the terms of her supervised release by failing to appear for random urinalysis testing on September 16, 22, 24, 27 and 28, and October 4, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

In February 2020, Ms. Dalton was accepted into the Sobriety Treatment and Education Program (STEP). She attended her first STEP session on March 5, 2020. At that time, she was placed on the color RED for urinalysis testing and reminded of the expectation to call the testing line daily.

On September 24, 2021, Ms. Dalton provided the undersigned with a letter that appeared to be from Multicare Indigo Urgent Care. This letter indicated that Ms. Dalton tested positive for COVID-19 and needed to home quarantine for 10 days, therefore being unable to report for drug testing while in quarantine.

The undersigned officer was suspicious of the appearance of the letter. Therefore, the letter was taken to the noted urgent care facility where it was confirmed to be a counterfeit document

The drug tests missed on September 16, 22, 24, 27 and 28 were initially considered excused until it was discovered that she provided a counterfeit urgent care document related to COVID-19.

On September 30, 2021, she was instructed to resume drug testing at Pioneer Human Services (PHS). On October 4, 2021, she failed to appear for another drug test at PHS.

5    **Standard Condition #5**: you must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance in not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence:** It is alleged that Kimberly Dalton violated the terms of her supervised release by failing to report a change in residence, on or about September 24, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

Ms. Dalton had been residing with her brother and his family in the Mead, Washington, area since approximately February 2021.

On September 30, 2021, contact was made with Ms. Dalton by phone for the purposes of setting up a time to have her sweat patch removed. Ms. Dalton had indicated she had been staying at her mother's residence due to COVID-19 quarantining (which turned out to be fabricated, see alleged violation number 3).

However, contact with Ms. Dalton's mother indicated that Ms. Dalton actually moved out of her brother's residence. Ms. Dalton's sister-in-law was contacted, who advised that due to a conflict between Ms. Dalton and her brother and sister-in-law, Ms, Dalton had moved out of their residence right before her birthday, which was on September 24, 2021.

6    **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excused you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation

officer at least 10 days before the change. If notifying the probation officer in advance in not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence:** It is alleged that Kimberly Dalton violated the terms of her supervised release by failing to report a change in employment on or about September 24, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

Ms. Dalton had been working for her brother's painting company.

On September 30, 2021, contact was made with Ms. Dalton by phone for the purposes of setting up a time to have her sweat patch removed. Ms. Dalton had indicated she had been staying at her mother's residence due to COVID-19 quarantining (which turned out to be fabricated, see alleged violation number 3).

However, contact with Ms. Dalton's sister-in-law revealed that Ms. Dalton stopped working for the company around September 24, 2021, after she moved out of their residence.

7    **Special Condition #10**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** It is alleged that Kimberly Dalton violated the terms of her supervised release by consuming a controlled substance, methamphetamine, on or about, September 30, 2021.

On September 17, 2019, the conditions of supervision were explained to Ms. Dalton and she received a copy of her conditions.

On September 30, 2021, contact was made with Ms. Dalton by phone or the purposes of setting up a time to have her sweat patch removed. Ms. Dalton had indicated she had been staying at her mother's residence due to COVID-19 quarantining (which turned out to be fabricated, see alleged violation number 3).

However, Ms. Dalton agreed to meet with the undersigned at her mother's residence.

The sweat patch appeared tampered with and only a small portion of the actual patch was still present. The lab report has since returned and noted a positive presence for methamphetamine.

Prob12C
**Re: Dalton, Kimberly Rain**
**October 7, 2021**
**Page 6**

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   10/07/2021

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

THE COURT ORDERS

[  ]  No Action
[X]  The Issuance of a Warrant
[  ]  The Issuance of a Summons
[  ]  Other

Signature of Judicial Officer

10/7/2021
Date